IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FPACP4 LEX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 C 6028 |
| | ) | |
| STANTEC, INC. and | ) | |
| HARMON, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

On September 29, 2021, plaintiff—a limited liability company ("LLC") with a complex organizational structure—filed this action in the Circuit Court of Cook County asserting negligence claims against several companies involved in the design and construction of a luxury apartment building in Chicago. One of those companies, defendant Harmon, Inc., removed the case to this court on November 11, 2011, asserting diversity jurisdiction. Plaintiff moved for remand on the ground that the opposing parties are not completely diverse.[1] Although the question is less clear than one might expect, I agree with plaintiff's interpretation of the relevant authorities and conclude that I lack subject matter jurisdiction.

---

[1] Harmon did not obtain the consent of its codefendant, Stantec Inc., on the erroneous but apparently good faith belief that Stantec had not yet been served. Plaintiff originally asserted Harmon's failure to obtain Stantec's consent to removal as a ground for remanding the case, but it withdrew the argument after Harmon later sought and received Stantec's consent.

1

As an LLC, plaintiff's citizenship is that of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Although plaintiff has not identified each of the membership in its organizational structure, defendant appears to concede that at least one of plaintiff's "terminal" members (i.e., a member at the end of the ownership chain after "trac[ing] through...all the layers" of ownership, *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)), is a foreign citizen: NAIS (GP), a corporation organized and incorporated in the Cayman Islands, which is a British Overseas Territory. Defendant Hanson—a corporation incorporated and headquartered[2] in the state of Minnesota—is a citizen of Minnesota, while Defendant Stantec—a Canadian corporation headquartered in Canada—is a Canadian citizen.

All agree that "there is no diversity jurisdiction over a case in which there are foreign parties on both sides of the suit and a U.S. citizen on only one side," *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 875 (7th Cir.

---

[2] Lest there be any doubt, I use "headquartered" as shorthand for the corporations' "principal place of business," which is the phrase used in the federal diversity statute. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010) (principal place of business as used in the diversity statute "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]").

2004), i.e, a suit "between foreigners and a mixture of citizens and foreigners"), *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993). *See also Baylay v. Etihad Airways P.J.S.C.,* 881 F.3d 1032, 1041 (7th Cir. 2018) (no diversity over action brought by foreign plaintiff against both foreign and domestic defendants). That is how plaintiff characterizes the jurisdictional situation here, attributing foreign citizenship to itself (based on the alien status of its Cayman Islands partner), while all agree that defendants include both foreign and domestic citizens.

Defendants view matters differently. They characterize the case as one in which there are (or, to be precise, in which they expect jurisdictional discovery to establish that there are) citizens of diverse states on both sides, as well as citizens of foreign states. On that interpretation of the jurisdictional situation, the case falls within the scope of 28 U.S.C. § 1332(a)(3), which creates diversity jurisdiction in cases between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," so long as one or more terminal members of plaintiff is a citizen of any domestic state other than Minnesota, and no member is a citizen of Minnesota. If that is the case, defendants contend, the scenario would fit the one contemplated by § 1332(a)(3), as there would be citizens of diverse states on both sides of the litigation, as

3

well as foreign citizens—the Cayman Islands corporation on plaintiff's side and the Canadian corporation on defendants'—as "additional parties."

There is indeed some authority for defendants' view, *see Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003), but the *Tango* court's passing comment on this issue—which was not the focus of its decision, as the question presented was whether the presence of citizens of the *same* foreign state on both sides of the litigation destroyed the diversity that otherwise existed between the completely diverse domestic citizens—it is inconsistent with the Supreme Court's jurisdictional analysis in *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004), which held a partnership with two Mexican partners to be a Mexican citizen for diversity purposes, notwithstanding that it "was also a citizen of Delaware and Texas based on the citizenship of its other partners." Indeed, later cases have confirmed that a dual citizen of both a domestic state and a foreign state cannot be both a "citizen of a State" and an "additional party" for purposes of § 1332(a)(3). *See New York Metro. Reg'l Ctr., L.P. II v. Mammoet USA Holding, Inc.*, ---F. Supp. 3d---, 2021 WL 3475626, at *4 (S.D.N.Y. Aug. 6, 2021) (for purposes of § 1332(a)(3), "a single artificial entity cannot...be disaggregated, with its members being treated as distinct parties with their own citizenship, as if the partners were personally named as parties.") (internal

4

quotation marks and alterations removed); *ImagineX Consulting, L.P. v. Reprivata, L.L.C.*, No. 120CV03045DDDKLM, 2021 WL 520107, at *2 (D. Colo. Feb. 11, 2021) (no diversity jurisdiction over case involving a single party partnership plaintiff and a single party LLC defendant, each of which had one partner/member who was a citizen of a foreign state in addition to diverse domestic parties, and noting *Tango* is inconsistent with *Grupo Dataflux* concerning "how to determine the citizenship of an unincorporated entity.").

For these reasons, I conclude that even if, as defendants suggest, discovery might reveal that plaintiff has one or more members who are citizens of a domestic state other than Minnesota (and not citizens of Minnesota), it is inevitably a citizen of at least one foreign state, thus destroying diversity. Accordingly, the motion for remand is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: February 22, 2022

5